UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

UNITED STATES OF AMERICA,

    Plaintiff,

v.

THURMAN LEE PARKS,

    Defendant.

_____/

Case No. 1:02-CR-50

Hon. Richard Alan Enslen

**OPINION**

Defendant Thurman Lee Parks has moved to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. The Motion has been fully briefed and may be readily resolved without resort to oral argument. *See* W.D. Mich. L. Crim. R. 47.1(d).

**FACTUAL BACKGROUND**

On January 28, 2002, the Grand Jury charged Defendant with two counts: Count One, felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and Count Two, possession of cocaine in violation of 21 U.S.C. § 844(a).

Defendant agreed to plead guilty to Count One on May 9, 2002 in exchange for the dismissal of Count Two and other consideration discussed in the Plea Agreement. Paragraph 9 of the Plea Agreement also provided in pertinent part that:

> The defendant understands that the law affords him the right to appeal the sentence imposed. Acknowledging this, the defendant knowingly waives the right to appeal any sentence at or below the guideline range provided for level 15 of the sentencing guidelines[1] and the manner in which the sentence was determined on the grounds set forth in 18 U.S.C. § 3742 or any

---

[1] Defendant did not effectively surrender his right to appeal because his sentence was based on a guideline range in excess of level 15. This exception, though, did not apply to the limitation on collateral attacks, which limitation was subject to different exceptions.

> ground whatever, in exchange for the concessions made by the United States Attorney's Office in this plea agreement. The defendant also waives the right to challenge such a sentence and the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under 28 U.S.C. § 2255 (except a post-conviction attack based upon a claim of ineffective assistance of counsel or a claim of newly discovered evidence.) . . . .

(Plea Agreement, ¶ 9.)

On the same day, Defendant pled guilty to Count One. The Court then accepted the guilty plea, adjudicated Defendant guilty and ordered the preparation of a Pre-Sentence Investigation Report as to sentence. The Report was prepared without objection and Defendant was sentenced on May 7, 2003 to a term of 51-months imprisonment (which term was within the sentencing range prescribed by the United States Sentencing Commission Guideline Manual). Judgment was entered accordingly on May 9, 2003. Defendant did not appeal his sentence.

Defendant filed the instant Motion on March 4, 2005 asserting only one ground: whether Defendant's rights under the Sixth Amendment to the United States Constitution as determined in *United States v. Booker*, 125 S. Ct. 738 (U.S. Jan. 12, 2005) were violated by the use of mandatory sentencing guidelines without supporting jury findings. (Mot. at 5.)

**LEGAL STANDARDS**

The Sixth Circuit Court of Appeals' decision in *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) summarized the basic legal standards for relief under section 2255 as follows:

> To prevail on a § 2255 motion alleging constitutional error, the petitioner must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637-638, 113 S. Ct. 1710, 1721-1722, 123 L.Ed.2d 353 (1993). To prevail on a § 2255 motion alleging non-constitutional error, the petitioner must establish a "'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th

>Cir. 1990) (citing *Hill v. United States*, 368 U.S. 424, 428, 82 S. Ct. 468, 471, 7 L.Ed.2d 417 (1962)).

*Id.* Technical violations of the sentencing guidelines do not warrant relief under the statute. *See Grant v. United States*, 72 F.3d 503, 505-06 (6th Cir. 1996) (holding that a guideline calculation dispute was not a "constitutional error" warranting relief under section 2255).

Furthermore, relief under section 2255 is not intended to do service for an appeal. *United States v. Timmreck*, 441 U.S. 780, 784 (1979). A movant must ordinarily show "cause" for failure to raise the issue on direct appeal and "actual prejudice" resulting from the error. *Murr v. United States*, 200 F.3d 895, 900 (6th Cir. 2000) (citing *United States v. Frady*, 456 U.S. 152, 164-67 (1982)).

## **LEGAL ANALYSIS**

Defendant's *Booker* Sixth Amendment argument cannot succeed due to multiple defects which are evident from the record. First, Defendant's Sixth Amendment argument arose at the time of sentence. The Sixth Circuit held in the case of *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. Feb. 25, 2005) that the rule in *Booker* is a new constitutional rule which should be applied only prospectively and to cases on direct review. In making this analysis, the *Humpress* Court rejected the notion that the rule in *Booker* was a "watershed rule of criminal procedure" which should be applied retroactively. *Id.* This ruling was consistent with the rulings of other circuits as discussed in *Humphress*. *Id.*

Defendant's case was decided before January 12, 2005 and his case was not on direct review at the time. As such, he does not qualify for relief under *Booker*. While he has argued that

*Humphress* was wrongly decided because the rule represents a "watershed rule," this issue was fully discussed in *Humphress* and its holding now precludes a contrary holding.

Furthermore, this ground cannot succeed because Defendant has made a valid waiver of his right to petition under section 2255 (except for arguments which are not asserted herein). The Sixth Circuit upheld these kinds of waivers of collateral review in *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999). Defendant's only argument to the contrary is that ¶ 10 of the Plea Agreement which promised a sentence not in excess of the statutory maximum was violated so as to render his agreement not knowingly and intelligently made. (Reply, at 4.) The premise of this argument is simply false. The relevant clause in Paragraph 10 of the Plea Agreement---"it [the sentence] will be within the statutory maximum"--- relates to the 120-month maximum established under 18 U.S.C. § 924(a)(2) (specifying the penalties for violation of section 922(g)(1)). Defendant was sentenced well within the statutory maximum and there is no factual basis for his argument that his plea was not intelligently made.

Finally, Defendant has simply defaulted by failing to raise his *Booker* argument on direct appeal. *See Frady, supra.* He has, likewise, failed to establish "cause" and "prejudice" so as to justify his assertion of this argument on collateral review.

**CERTIFICATE OF APPEALABILITY**

Pursuant to 28 U.S.C. § 2253(c), the Court must also assess whether to grant the issuance of a certificate of appealability to Defendant. *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (holding that § 2253 analysis may be done at the time the claim for relief is determined). Under the statute and the United States Supreme Court's determinations in *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000) and *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983), a certificate is to

be issued if the resolution of the petition is debatable among reasonable jurists or otherwise adequate to deserve encouragement. Upon review of the sole issue raised, the Court determines that this standard is not met because the Sixth Circuit's decision in *Humphress* precludes relief and makes a contrary argument objectively unreasonable. Therefore, a certificate will be denied.

## **CONCLUSION**

Therefore, a Final Order shall issue denying Defendant' section 2255 Motion.

                                                  /s/ Richard Alan Enslen  
DATED in Kalamazoo, MI:          RICHARD ALAN ENSLEN  
        May 16, 2005               UNITED STATES DISTRICT JUDGE